# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2570

_____

| | | |
|---|---|---|
| Richard W. Jacobson; Jake's Ltd., Inc., a Minnesota corporation; | * | |
| | * | |
| | * | |
| Appellants; | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| City of Coates, a municipal corporation; | * | |
| | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  March 10, 1999

Filed:  March 25, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and GOLDBERG,[1] Judge of the U.S. Court of International Trade.

_____

PER CURIAM.

Since 1992, appellants have operated an adult entertainment business within the City of Coates.  On June 1, 1994, the City enacted zoning ordinances designed to regulate "sexually oriented businesses."  On December 31, 1996, appellants

_____

[1]The Honorable Richard W. Goldberg, Judge of the U.S. Court of International Trade, sitting by designation.

challenged the constitutional validity of two such ordinances. On April 13, 1998, the district court determined that one of the two challenged ordinances was unconstitutional. Subsequent to their victory before the district court, appellants sought attorney's fees under 42 U.S.C. § 1988(b). On May 11, 1998, the district court denied attorney's fees. On appeal, appellants argue that the district court erred by denying the award of attorney's fees. We agree.

As its basis for denying attorney's fees under § 1988(b), the district court characterized appellants' victory as "technical" and "insignificant," thereby precluding prevailing party status. See Jacobson v. City of Coates, No. 97-190 (D. Minn. May 11, 1998) (order denying attorney's fees) (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989)). In our view, the determination that one of two challenged ordinances was unconstitutional changed the legal relationship between appellants and the City, see Texas State Teachers Association, 489 U.S. at 792, and the district court erred by failing to award attorney's fees.

Accordingly, we reverse the district court's denial of attorney's fees and remand to the district court with instructions to award fees under § 1988(b). Of course, the district court retains the discretion to determine the appropriate fees. See Denesha v. Farmers Ins. Exch., 161 F.3d 491, 501 (8th Cir. 1998).

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.